COOLEY LLP
Dennis Childs (128775)
dchilds@cooley.com
Mazda K. Antia (214963)
mantia@cooley.com
Megan L. Donohue (266147)
mdonohue@cooley.com
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant
Horizon Pharma USA, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA MULLINS, an individual, | Case No. 18cv0399 BAS NLS |
| Plaintiff, | DEFENDANT HORIZON PHARMA USA, INC.'S RESPONSE TO COMPLAINT FOR DAMAGES |
| v. | |
| HORIZON PHARMA USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER AND AFFIRMATIVE DEFENSES OF DEF.
HORIZON PHARMA USA, INC.
CASE NO. 18-CV-0399-BAS-NLS

As its answer to the Complaint, Horizon Pharma USA, Inc. ("Defendant"), for itself alone, states as follows:

1. The allegations in Paragraph 1 of the Complaint are a characterization of this action to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 1 of the Complaint, except admits that Defendant formerly employed Plaintiff.

2. Defendant denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint concerning Plaintiff's citizenship, current residence or work history, but admits that Defendant employed Plaintiff from June 1, 2017 through December 8, 2017 as a Senior Director of Global Patient Advocacy.

3. Defendant admits that Defendant is incorporated in the state of Delaware, with its principal place of business in Lake Forest, Illinois, has offices in Illinois and California and is a subsidiary of Horizon Pharma Public Limited Company, a company incorporated in Ireland that is traded on the NASDAQ exchange. Defendant also admits that the excerpts quoted in Paragraph 3 appear on its website, although it denies that the quotes appear in the order reflected therein. Defendant denies any and all other allegations of Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint are legal conclusions, and therefore, no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 4 of the Complaint.

5. The allegations in Paragraph 5 of the Complaint are legal conclusions, and therefore, no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 5 of the Complaint.

6. Defendant admits that this Court has subject matter jurisdiction over the claims alleged in the Complaint.

7. Defendant admits that it does business in the state of California and is subject to the personal jurisdiction of this Court and that Plaintiff resided in California

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

during the time she was employed by Defendant. Defendant denies all other allegations of Paragraph 7 of the Complaint.

8.    Defendant admits that the Complaint may be brought in this Court pursuant to 28 U.S.C. §1391. Defendant denies any further allegation or inference regarding venue.

9.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint, except admits that Plaintiff represented to Defendant that she was previously employed by Aegerion Pharmaceuticals, Inc.

10.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint, except admits it is in possession of a letter addressed to Ms. Irina Konstantinovsky dated September 22, 2017 from Mr. Royston Delaney which letter made representations regarding Plaintiff's involvement with a False Claims Act case against Aegerion Pharmaceuticals, Inc.

16.    Defendant denies each and every allegation in Paragraph 16 of the Complaint, except admits that the letter reflects the attributed statements.

17.    The allegations in Paragraph 17 of the Complaint are legal conclusions.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

ANSWER AND AFFIRMATIVE DEFENSES OF DEF.
HORIZON PHARMA USA, INC.
CASE NO. 18-CV-0399-BAS-NLS

To the extent a response is required, Defendant denies each and every allegation in Paragraph 17 of the Complaint, except admits that the letter reflects the attributed statements.

18. Defendant denies each and every allegation in Paragraph 18 of the Complaint, except admits that the letter reflects the attributed statements.

19. Defendant denies each and every allegation in Paragraph 19 of the Complaint, except admits that on December 8, 2017 it terminated Plaintiff's employment.

20. Defendant denies each and every allegation in Paragraph 20 of the Complaint.

21. Defendant denies each and every allegation in Paragraph 21 of the Complaint, except admits that it is in possession of the letter addressed to Ms. Irina Konstantinovsky dated September 22, 2017 from Mr. Royston Delaney.

22. Defendant denies each and every allegation in Paragraph 22 of the Complaint.

23. Defendant denies each and every allegation in Paragraph 23 of the Complaint, except admits that it terminated Plaintiff due to her disclosure of Defendant's confidential information and that Timothy Ayers heard such disclosure being made in a busy public area.

24. Defendant denies each and every allegation in Paragraph 24 of the Complaint.

25. Defendant denies each and every allegation in Paragraph 25 of the Complaint, except admits that Mr. Ayers informed Plaintiff of her dismissal.

26. Defendant denies each and every allegation in Paragraph 26 of the Complaint, except admits that it terminated Defendant two days after her disclosure of Defendant's confidential information.

## COUNT I

27. In response to Paragraph 27 of the Complaint, Defendant repeats and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

incorporates by reference each and all of the denials, admissions, and averments set forth above in its responses to the prior paragraphs of the Complaint, as if fully set forth herein.

28. Defendant denies each and every allegation in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation in Paragraph 29 of the Complaint.

## COUNT II

30. In response to Paragraph 30 of the Complaint, Defendant repeats and incorporates by reference each and all of the denials, admissions, and averments set forth above in its responses to the prior paragraphs of the Complaint, as if fully set forth herein.

31. Defendant denies each and every allegation in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation in Paragraph 33 of the Complaint.

## COUNT III

34. In response to Paragraph 34 of the Complaint, Defendant repeats and incorporates by reference each and all of the denials, admissions, and averments set forth above in its responses to the prior paragraphs of the Complaint, as if fully set forth herein.

35. Defendant denies each and every allegation in Paragraph 35 of the Complaint.

36. Defendant denies each and every allegation in Paragraph 36 of the Complaint.

37. Defendant denies each and every allegation in Paragraph 37 of the

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

ANSWER AND AFFIRMATIVE DEFENSES OF DEF.
HORIZON PHARMA USA, INC.
CASE NO. 18-CV-0399-BAS-NLS

Complaint.

## COUNT IV

38.  In response to Paragraph 38 of the Complaint, Defendant repeats and incorporates by reference each and all of the denials, admissions, and averments set forth above in its responses to the prior paragraphs of the Complaint, as if fully set forth herein.

39.  Defendant denies each and every allegation in Paragraph 39 of the Complaint.

40.  Defendant denies each and every allegation in Paragraph 40 of the Complaint.

41.  Defendant denies each and every allegation in Paragraph 41 of the Complaint.

## PRAYER FOR RELIEF

The allegations in Plaintiff's Prayer for Relief are a characterization of this action to which no response is required. To the extent a response is required, Defendant denies each and every allegation in the Plaintiff's Prayer for Relief.

## GENERAL DENIAL

Except as expressly admitted or otherwise responded to above, Defendant denies each and every allegation contained in the numbered paragraphs of the Complaint not specifically admitted herein. As to the Prayer for Relief, Defendant denies any liability, in any form or amount, to Plaintiff.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's Complaint and by way of additional defenses, Defendant alleges as follows:

### FIRST ADDITIONAL DEFENSE

1.  Plaintiff fails to state a claim for relief and/or fail to state facts sufficient to constitute a cause of action.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

ANSWER AND AFFIRMATIVE DEFENSES OF DEF.
HORIZON PHARMA USA, INC.
CASE NO. 18-CV-0399-BAS-NLS

**SECOND ADDITIONAL DEFENSE**

**2.**     Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate her losses, if any, and as a result of such failure, Plaintiff's claims must be reduced, excused and/or discharged.

**THIRD ADDITIONAL DEFENSE**

**3.**     Plaintiff's prayer for punitive damages is unconstitutional because it seeks to impose an excessive fine within the meaning of the excessive fines clause of the Eighth Amendment to the Constitution of the United States and/or Section 17 of Article 1 of the Constitution of the State of California.

**FOURTH ADDITIONAL DEFENSE**

**4.**     Plaintiff's prayer for punitive damages is unconstitutional because it violates the due process clauses of the Fourteenth Amendment to the Constitution of the United States and/or Section 7 of Article 1 of the Constitution of the State of California.

**FIFTH ADDITIONAL DEFENSE**

**5.**     Any injuries, losses or damages alleged by Plaintiff were caused by the acts and omissions of plaintiff and/or persons or entities other than Defendant.

**SIXTH ADDITIONAL DEFENSE**

**6.**     At all times, Defendant acted lawfully and terminated the Plaintiff for a legitimate, non-discriminatory reason and not in retaliation in violation of 31 U.S.C. § 3730(h) or Cal. Gov't Code § 12653.

**SEVENTH ADDITIONAL DEFENSE**

**WORKERS' COMPENSATION ACT EXCLUSIVE REMEDY**

**7.**     The exclusive remedy for some of the causes of actions and/or damages asserted by Plaintiff is provided by the California Workers' Compensation Act, California Labor Code Section 3200, et seq.

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

ANSWER AND AFFIRMATIVE DEFENSES OF DEF.
HORIZON PHARMA USA, INC.
CASE NO. 18-CV-0399-BAS-NLS

**8.** Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

**WHEREFORE**, Defendant prays as follows:

1. That the Complaint and each cause of action therein be dismissed with prejudice;

2. That Plaintiff take nothing by way of the Complaint;

3. That Defendant be awarded the costs and expenses it incurred in defending the suit, including attorney's fees; and

4. That the Court award such other and further relief for Defendant as the Court may deem just and proper.

Dated: April 9, 2018                    COOLEY LLP
                                        Dennis Childs (128775)


                                        By:/s/ *Dennis Childs*
                                            Dennis Childs

                                        Attorneys for Defendant
                                        Horizon Pharma USA, Inc.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

ANSWER AND AFFIRMATIVE DEFENSES OF DEF.
HORIZON PHARMA USA, INC.
CASE NO. 18-CV-0399-BAS-NLS

**<u>Certificate of Service</u>**

The foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HORIZON PHARMA USA, INC was filed electronically on April 9, 2018 with the Clerk of the Court using the CM/ECF system. Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access the filing through the Court's system.

By:/s/ *Dennis Childs*
Dennis Childs

Attorneys for Defendant
Horizon Pharma USA, Inc.

170764690

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

ANSWER AND AFFIRMATIVE DEFENSES OF DEF.
HORIZON PHARMA USA, INC.
CASE NO. 18-CV-0399-BAS-NLS