1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11 TRICIA MULLINS,                   Case No.:  18cv399-BAS (NLS)

12                Plaintiff,    **ORDER:**

13 v.

14 HORIZON PHARMA USA, INC., and   **(1) GRANTING JOINT MOTION**
**FOR INDEPENDENT MEDICAL**
15 DOES 1-10, inclusive,,         **EXAMINATIONS OF PLAINTIFF;**
**and**
16             Defendants.

17                        **(2) GRANTING JOINT MOTION TO**
**EXTEND EXPERT DISCLOSURE**
18                        **DEADLINE**

19

20                        **[ECF Nos. 23, 24]**

21

22      Before the Court is the parties' joint motion for an Independent Medical

23 Examination ("IME") of Plaintiff Tricia Mullins ("Plaintiff").  ECF No. 24.

Additionally, the parties also request that the Court extend certain expert disclosure

24 deadlines.  ECF No. 23.  For the reasons set forth below, the Court (1) **GRANTS** the

25 motion for Plaintiff to sit for an IME; and (2) **GRANTS** the motion to extend the expert

26 disclosure deadline.

27      //

28

## 1. MOTION FOR INDEPENDENT MEDICAL EXAMINATION

Since the reason parties assert for requesting the extension of expert disclosure deadlines is the need for an IME, the Court will first address whether an IME will be granted.

### a. Background

In her complaint, Plaintiff alleges that she was wrongfully terminated by Defendant Horizon Pharma USA, Inc. ("Defendant"). ECF No. 1 at ¶ 1. Prior to working for Defendant, in 2013 Plaintiff alleges that she filed a whistleblower action against her then employer, Aegerion Pharmaceuticals, Inc. ("Aegerion"), pursuant to the False Claims Act. *Id*. at ¶ 12. In September 2017, Aegerion plead guilty to criminal charges and agreed to pay a $28.8 million settlement, which resolved Plaintiff's whistleblower action. *Id*. at ¶ 14. Plaintiff alleges that three months after Defendant was notified that she had been a whistleblower in the Aegerion case, she was terminated. *Id*. at ¶ 19. Plaintiff alleges that she had received positive feedback from her supervisors regarding her job performance, yet was terminated due to misconduct, which she denies and categorizes as pretext. *Id*. at ¶¶ 20, 22. As a result of her termination, Plaintiff alleges that she has "suffered damages in the form of severe emotional distress, . . . mental anguish, and trauma[.]" *Id*. at ¶ 40. Among other relief, Plaintiff seeks emotional distress damages from her retaliation and wrongful termination claims. *Id*. at ¶¶ 29, 32, 36. In addition, she alleges a cause of action for intentional infliction of emotional distress, and seeks damages pertaining to this claim as well. *Id*. at ¶¶ 40-41.

### b. Legal Standard

Federal Rule of Civil Procedure 35 governs mental examinations and authorizes the court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order may be made "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who

will perform it." Fed. R. Civ. P. 35(a)(2).

A Rule 35 examination requires a showing that the party's mental or physical condition is "in controversy" and that there is "good cause" supporting the order. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964). More than a showing of "mere relevance" is required to meet this standard. *Id.* at 118. A claim of emotional distress can place a person's mental state "in controversy" if accompanied with one or more of the following:

> (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is 'in controversy.'

*Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995). The following factors are considered in determining if there is "good cause" to permit the examination: "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant, and; (4) whether plaintiff claims ongoing emotional distress." *Mailhoit v. Home Depot U.S.A., Inc.*, No. CV1103892DOCSSX, 2013 WL 12122580, at *4 (C.D. Cal. Jan. 24, 2013).

### c. Discussion

Here, the Court finds that ordering Plaintiff to submit for an IME is appropriate. Several of the factors under *Mailhoit* are met here. Plaintiff has put her mental state "in controversy" since she maintains a cause of action for intentional infliction of emotional distress. *See* ECF No. 1 at ¶¶ 38-41. Plaintiff has also indicated that certain "non-retained expert witnesses, her treating physicians, will offer testimony regarding the effect of stress on her multiple sclerosis symptoms and/or treatment[.]" ECF No. 24 at 2. Additionally, the desired IME is relevant to her claim of intentional infliction of emotional distress, as well as her request for emotional distress damages for other claims. Moreover, in light of the posture of the claims at issue and the Court's preference for

deciding cases on the merits, the Court finds it appropriate to permit the exam.

### d. Scope of Examination

The parties propose that Dr. Ben Frishberg and Dr. Mark Kalish evaluate Plaintiff at Dr. Frishberg's office, located at 6010 Hidden Valley Rd, Suite 200, Carlsbad, CA 92011. ECF No. 24 at 2. Dr. Frishberg intends to conduct an exam regarding Plaintiff's multiple sclerosis diagnosis, and Dr. Kalish intends to conduct a psychiatric interview and psychiatric testing, which may include the Minnesota Multiphasic Personality Inventory 2 ("MMPI-2"). *Id*. The parties estimate that the IME will take seven hours, exclusive of breaks. *Id*. The parties also plan to record the IME via audio tape. *Id.*

The Court agrees that Dr. Kalish's examination is needed because of Plaintiff's emotional distress claims, and finds that Dr. Frishberg's examination is also needed, and not duplicative, because Plaintiff has claimed that the emotional distress exacerbated her multiple sclerosis. *See id*. at 2. Thus, the Court finds the scope of the examination to be appropriate.

Accordingly, the Court **GRANTS** the motion and **ORDERS** as follows:

(1)     Plaintiff is ordered to undergo an IME with Dr. Ben Frishberg and Dr. Mark Kalish, to be conducted on **April 16, 2019** at **8:30 a.m.** at 6010 Hidden Valley Rd, Suite 200, Carlsbad, CA 92011.

(2)     The examination will be conducted for the purpose of determining the nature and extent of plaintiff's emotional distress as alleged in the first complaint in this action. The examination shall last no more than seven hours, encompassing both doctor's exams, interviews, and the psychological testing components.

### 2. MOTION FOR EXTENSION OF EXPERT DISCLOSURE DEADLINE

The parties request a limited extension of expert disclosure deadlines, only as to the doctors performing the IME, Dr. Frishberg and Dr. Kalish. ECF No. 23. The parties contend that they have been working diligently and in good faith to find available dates for the IME, but were unable to identify any mutually agreeable dates in March. *Id*. at 2.

Since the Court has granted the IME, the Court finds good cause to **GRANT** the request for a limited extension; however this extension will not alter any other dates in the scheduling order.  The Court will extend the expert disclosure deadline for Dr. Ben Frishberg and Dr. Mark Kalish to **April 30, 2019**.  All other dates shall remain as previously set.

    **IT IS SO ORDERED.**

Dated:  March 18, 2019

Hon. Nita L. Stormes
United States Magistrate Judge

18cv399-BAS (NLS)